UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

– – – – – – – – – – – – – – – – – – – – – – – – – – – – – – X
                                                              :
CLARITAS INC., 5375 Mira Sorrento Place, Suite 400,          Case No:
San Diego, CA 92121, and ANUPAM BERA, 10955                  :
Caminito Arcada, San Diego, CA 92131,
                                                              :

                Plaintiffs/Petitioners,                     :

                -against-                                   :

                                                              :
ELAINE L. CHAO, in her official capacity as the Secretary
of the United States Department of Labor, U.S. Department :
of Labor, Frances Perkins Building, 200 Constitution
Avenue, NW, Washington, DC 20210, DOUGLAS F.                 :
SMALL, in his official capacity as Deputy Assistant,
Employment and Training Administration of the United         :
States Department of Labor, Employment and Training
Administration, U.S. Department of Labor, Frances Perkins :
Building, 200 Constitution Ave., NW, Washington, DC
20210, BRENT R. ORRELL, in his official capacity as the :
Acting Assistant Secretary, Employment and Training
Administration of the United States Department of Labor, :
Employment and Training Administration, U.S.
Department of Labor, Frances Perkins Building, 200
Constitution Ave., NW, Washington, DC 20210, DR.
WILLIAM CARLSON, in his official capacity as
Administrator of the Office of Foreign Labor Certification
of the United States Department of Labor, Employment and
Training Administration, U.S. Department of Labor,
Frances Perkins Building, 200 Constitution Ave., NW,
Washington, DC 20210, BARBARA SHELLY, in her
official capacity as Certifying Officer of the United States
Department of Labor, Chicago National Processing Center,
844 N. Rush Street, 12th Floor, Chicago, IL 60611,
MELANIE SHAY, in her official capacity as Certifying
Officer of the United States Department of Labor, Atlanta
National Processing Center, Harris Tower, 233 Peachtree
Street, Suite 410, Atlanta, GA 30303, and MICHAEL B.
MUKASEY, in his official capacity as the Attorney
General of the United States of America. U.S. Department
of Justice, 950 Pennsylvania Avenue, NW, Washington,
DC 20530-0001,

                Defendants/Respondents.

– – – – – – – – – – – – – – – – – – – – – – – – – – – – – – X

## COMPLAINT

Plaintiffs/Petitioners Claritas Inc. ("Claritas") and Anupam Bera, by and through

their attorneys, Nixon & Vanderhye, PC and Satterlee Stephens Burke & Burke LLP ("SSBB"),

as and for their Complaint against Defendants/Respondents Elaine L. Chao, in her official

capacity as the Secretary of the United States Department of Labor ("USDOL"), Douglas F,

Small, in his official capacity as Deputy Assistant, Employment and Training Administration of

the USDOL, Brent R. Orrell, in his official capacity as the Acting Assistant Secretary,

Employment and Training Administration of the USDOL, Dr. William Carlson, in his official

capacity as the Administrator of the Office of Foreign Labor Certification of the USDOL,

Barbara Shelly, in her official capacity as Certifying Officer, USDOL, Melanie Shay, in her

official capacity as Certifying Officer, USDOL, and Michael B. Mukasey, in his official capacity

as the Attorney General of the United States of America (collectively

"Defendants/Respondents"), allege as follows:

## PRELIMINARY STATEMENT

Plaintiffs/Petitioners Claritas and Mr. Bera have been forced to commence this

action seeking declaratory judgment and mandamus as a result of the USDOL's refusal to adhere

to the procedures mandated in the Code of Federal Regulations, as well as binding agency

interpretations and standards, regarding the processing of Claritas's application for alien

employment certification (Form ETA-750) on behalf of Anupam Bera as well as Claritas's

timely-filed motion to reopen/reconsider the denial of that application. The USDOL's refusal to

properly process Claritas's application for alien employment certification and its subsequent

timely-filed motion to reopen/reconsider the denial of that application has prohibited Claritas and

Mr. Bera from pursuing administrative-judicial review, to which they would ordinarily be entitled under federal law and binding agency interpretations.

Plaintiffs/Petitioners respectfully seek an Order of this Court (i) declaring the USDOL's refusal to properly process Claritas's application for alien employment certification, and its subsequent refusal to properly process Claritas's timely-filed motion to reopen/reconsider that application unlawful, as it was arbitrary, capricious, otherwise not in accordance with law, and without observance of the procedures required by law; (ii) directing the USDOL to immediately transfer the record of proceedings from the Certifying Officer to the Board of Alien Labor Certification Appeals ("BALCA") for review or remand in accordance with its interpretation of the applicable regulatory scheme; and (iii) for such further relief as this Court may deem just and proper.

## PARTIES

1.      Plaintiff/Petitioner Claritas is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business located at 5375 Mira Sorrento Place, Suite 400, San Diego, California 92121.

2.      Plaintiff/Petitioner Anupam Bera is a foreign national currently employed by Claritas in H-1B status. Mr. Bera is the beneficiary of an application for alien employment certification (ETA 750) filed by Claritas.

3.      Defendant/Respondent Elaine L. Chao is the Secretary of the USDOL, and is charged with the administration and enforcement of the laws relating to alien employment certification adjudications in the United States.

4.      Defendant/Respondent Douglas F. Small is the Deputy Assistant, Employment and Training Administration of the USDOL.

5.      Defendant/Respondent Brent R. Orrell is the Acting Assistant Secretary, Employment and Training Administration of the USDOL.

6.      Defendant/Respondent Dr. William Carlson is the Administrator of the Office of Foreign Labor Certification of the USDOL.

7.      Defendant/Respondent Barbara Shelly is a Certifying Officer of the USDOL. Upon information and belief, Ms. Shelly was the Certifying Officer assigned to Plaintiffs'/Petitioners' application for alien employment certification.

8.      Defendant/Respondent Melanie Shay is a Certifying Officer of the USDOL.

9.      Defendant/Respondent Michael B. Mukasey is the Attorney General of the United States of America.

## JURISDICTION

10.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (Federal Question Jurisdiction).

11.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1361 (the "Mandamus Act").

12.      5 U.S.C. § 701(a) does not bar jurisdiction over this action as the federal statutes do not preclude judicial review of the USDOL's failure to adjudicate an application for alien employment certification and the choice to adjudicate or not adjudicate Claritas's Motion is not committed to agency discretion by law.

13.      INA § 242(a)(2)(B), 8 U.S.C. § 1252(a)(2)(B), does not bar jurisdiction over this action because it applies only to judicial review of agency decisions. There has been no agency decision in the instant case.

4

## VENUE

14.    Venue is proper in the District pursuant to 28 U.S.C. § 1391(e), as this is an action against officers and agencies of the United States in their official capacities brought in the District where the Defendants/Respondents reside.

## EXHAUSTION OF REMEDIES

15.    Plaintiff/Petitioner Claritas's application for alien employment certification (Form ETA 750) on behalf of the beneficiary, Anupam Bera, was properly filed with the USDOL on September 11, 2002.

16.    Plaintiff/Petitioner Claritas timely filed a motion to reopen/reconsider with the USDOL on April 20, 2007, after the USDOL denied the properly filed application for alien employment certification on April 3, 2007.

17.    Plaintiff/Petitioner Claritas also requested review of the denial by BALCA.

18.    Plaintiff/Petitioner has exhausted all available administrative remedies.

## FACTS

### Mr. Bera's Employment with Claritas

19.    Claritas is a leading provider of marketing research, information and analysis. Claritas provides marketing information solutions including a wide array of marketing databases, industry focused applications expertise and software systems for data access, analysis, planning and targeting.

20.    Mr. Bera is a citizen and national of India, who has been employed in H-1B status by Claritas in its San Diego, California office since in or around January 2001 as Database Administrator and Software Developer; Team Leader, Datamart Services; and now Manager, Service Delivery. Claritas has sponsored Anupam Bera for alien employment certification.

732218_2

21.    Mr. Bera holds a bachelor's degree and a master's degree in statistics from the University of Calcutta in India. A professional evaluation service has concluded that his academic credentials amount to the equivalent of a U.S. master's degree in statistics. Mr. Bera also has more than a decade of experience in software development, programming, analysis, and database administration with a number of well known companies around the world, including the Plaintiff/Petitioner, Claritas and HCL Hewlett Packard (India).

**Claritas's Application for Alien Employment Certification**

22.    On September 11, 2002, Claritas, on behalf of Mr. Bera and through their prior counsel, Earl David, filed an application for alien employment certification with the USDOL (the "Application"). A copy of the Application is annexed hereto as Exhibit A.

23.    In or about April 2007, having received no word from its attorney, Mr. David, regarding the Application, Claritas engaged the law firm of Satterlee Stephens Burke & Burke LLP ("SSBB") to inquire into the status of the Application. When SSBB accessed the USDOL's website in order to determine the status of the Application, it learned - for the first time - that the Application had been denied.

24.    In response to this discovery, Claritas contacted the USDOL, which in turn faxed a copy of a Notice of Findings to Claritas on April 13, 2007, which had originally been issued on February 6, 2007. A copy of the Notice of Findings is annexed hereto as Exhibit B. Prior to this date, Claritas was unaware of the existence of the Notice of Findings. In fact, it was not until receiving a copy of the Notice of Findings by fax that Claritas learned that its prior counsel, Mr. David, had been disbarred and was no longer licensed to practice law within the State of New York or before the Immigration Courts. See Notice of Findings, Exh. B.

732218_2

25.    In addition to referring to the disbarment of Mr. David, and requesting information from Claritas regarding substitution of counsel, the Notice of Findings also required that Claritas respond to several requests for documentation regarding the bona fide nature of the job opportunity within the regulatory thirty-five (35) day period.

26.    Claritas was unable to file a timely response to the Notice of Findings because its prior attorney, who had been disbarred, never provided a copy to Claritas. By the time Claritas learned of the existence of the Notice of Findings, its time to respond had expired and its Application had been automatically denied.

27.    Claritas has never received a copy of this denial decision.

**Claritas Timely-Files a Motion to Reopen/Reconsider the Application**

28.    Immediately upon learning of the existence of the Notice of Findings, and the denial of the Application, Claritas, through its new counsel, SSBB, filed a timely motion to reopen/reconsider (i.e., within 35 days of the denial) with the USDOL (the "Motion"). A copy of the Motion is annexed hereto as Exhibit C.

29.    Within the Motion, Claritas, through its new counsel, explained that it was unaware of the existence of the Notice of Findings until April 13, 2007. Furthermore, the Motion enclosed the documentation and information requested by the USDOL in the Notice of Findings.

30.    Weeks after filing the Motion, SSBB received confirmation from the USDOL that "The application is waiting processing." A copy of the May 11, 2007 confirmation is annexed hereto as Exhibit D.

31.    On June 4, 2007, pursuant to instruction from the USDOL, SSBB wrote a letter to the USDOL, directed to its Philadelphia Backlog Elimination Center, requesting the status of the Motion. A copy of the June 4, 2007 letter is annexed hereto as Exhibit E.

7

32.     Weeks having gone by without a response, SSBB again contacted the USDOL by telephone in order to inquire as to the status of the Motion. A USDOL representative, Inez, instructed SSBB to send an email to the Philadelphia Backlog Elimination Center in order to inquire as to the status. SSBB immediately complied with this request. A copy of the July 19, 2007 email is annexed hereto as Exhibit F.

33.     On July 23, 2007, the USDOL responded indicating that it had received Claritas's Motion and the department did not require any additional information from Claritas. A copy of the July 23, 2007 email is annexed hereto as Exhibit G.

34.     On October 1, 2007, the USDOL issued a press release regarding its backlog program, indicating that "program's backlog has been eliminated" and that 99 percent of the cases had been completed. Alarmed that Claritas had still not received a decision on its Motion, SSBB again emailed the USDOL to inquire as to the status. The USDOL responded that the request was being processed and that additional information was not required. A copy of SSBB's October 3, 2007 email and the USDOL's October 5, 2007 response is annexed hereto as Exhibit H.

35.     Over one month later, SSBB emailed the American Immigration Lawyers Association ("AILA") for assistance in determining the status of its Motion. AILA responded that Claritas's "USDOL Problem case has been forwarded to a USDOL Liaison Committee member." A copy of Claritas's November 12, 2007 email and the AILA November 12, 2007 response is annexed hereto as Exhibit I.

36.     On March 12, 2008, the USDOL responded to SSBB's multiple email queries that Claritas's original Application had been denied on April 3, 2007 and that "no further action will be taken on this inquiry." This correspondence did not address the April 2007 Motion. A copy of the email is annexed hereto as Exhibit J.

8

37.    On March 12, 2008, SSBB sent an email to the USDOL requesting that the USDOL adjudicate the timely-filed Motion, stressing that the email of March 12, 2008 from the USDOL did not address the Motion. A copy of SSBB's email is annexed hereto as Exhibit K.

38.    On March 21, 2008, SSBB submitted a request to the USDOL, asking that the file be transferred to BALCA for review since the USDOL was refusing to acknowledge the Motion.

39.    On March 24, 2008, the USDOL responded to SSBB's inquiry via email, stating that the original

> "Denial was pursuant to the 35-day rule applied to the Notice of Findings dated February 6, 2007 with a rebuttal response due March 13, 2007 which was not timely filed. Failure to file a timely rebuttal shall mean that you have declined to exhaust administrative remedies available to you. All findings in the Notice of Findings shall be deemed admitted unless they are rebutted. Since the rebuttal was not mailed on or before the response due date, the Notice of Findings automatically became the final decision of the Secretary denying labor certification. Please be advised that after a case is closed or denied, there are no appeal rights and it will not be re-opened. No further action will be taken on this case inquiry."

A copy of this email is annexed hereto as Exhibit L.

40.    Upon information and belief, the USDOL has not rendered a decision on the Motion to Reconsider/Reopen the Application. The USDOL has simply ignored the Motion, resting on the automatic denial that was issued for failure to respond to the Notice of Findings. See Exh. J.

41.    In other cases where there was a denial for failure to respond to the Notice of Findings and a subsequent, timely-filed motion to reopen/reconsider, the USDOL has considered any timely-filed motion to reopen/reconsider the denial. If the USDOL then chose to deny the motion at the Certifying Officer level, it issued a written decision forwarded by mail, or if a request for review was submitted in the alternative with the motion, the file was automatically transferred

9

from the Certifying Officer to BALCA. If a request for review was not submitted in the alternative, the petitioner was afforded thirty-five (35) days from the date of the motion denial to request review by BALCA.

42.     The USDOL's refusal to render a formal decision on the Motion or to forward the record of proceedings to BALCA based upon SSBB's requests has left the Plaintiffs/Petitioners without any administrative remedies whatsoever.

43.     In light of the fact that Claritas was not aware of the existence of the Notice of Findings as a result of the misconduct of its prior attorney until after the expiration of its time to respond, and that Claritas's immediately responded to the Notice of Findings in its Motion, it is respectfully submitted that the USDOL's refusal to consider Claritas's Motion and/or forward the record to BALCA is arbitrary, capricious, contrary to law and reason, and ultimately prejudicial to both Claritas and Mr. Bera.

## CLAIM FOR RELIEF AND DUTY TO PERFORM

44.     The Plaintiffs/Petitioners have a clear right to procedurally adequate adjudication of the application for permanent labor certification and the subsequent motion to reopen/reconsider under the Administrative Procedures Act, the Immigration and Nationality Act, the Code of Federal Regulations, and binding agency interpretations.

45.     Under the Administrative Procedures Act, 5 U.S.C. § 706(1) & (2) the USDOL is prohibited from unlawfully holding and unreasonably delaying an agency action on an application, as well as acting arbitrarily, capriciously, otherwise not in accordance with law, and without observance of procedure required by law.

732218_2

46.     The USDOL is statutorily obligated under INA § 212(a)(5)(A), 8 U.S.C. § 1182(a)(5)(A), to carry out a permanent labor certification program.  The Plaintiffs/Petitioners fall within this zone of interest.

47.     Pursuant to 20 C.F.R. §§ 656.25, 656.26 (pre-PERM/March 2005) and the relevant precedent decisions by BALCA, the USDOL is required to adjudicate motions to reopen/reconsider denials of alien employment certification, and to afford the employer adequate opportunity to request review by BALCA.

## NO OTHER ADEQUATE REMEDY AVAILABLE

48.     In response to the Plaintiffs'/Petitioners' request for declaratory judgment and mandamus, the Plaintiffs/Petitioners request that the Court declares as arbitrary the USDOL's refusal to adjudicate and compels the USDOL to forward the record of proceedings to BALCA.

49.     There are no other administrative or judicial remedies available other than mandamus relief to obtain administrative-judicial review or remand of the record of proceedings in the instant case.

50.     If no relief is granted in this case the Plaintiffs/Petitioners will face irreversible harm.

51.     As long as this Application for permanent labor certification is viable (i.e., pending review before the USDOL or BALCA), Mr. Bera is permitted to extend his non-immigrant H-1B status in one-year increments on an indefinite basis, pursuant to Section 11030A of the 21st Century Department of Justice Appropriations Authorization Act, P.L. 107-273 (H.R. 2215 and S. 304) (amending Section 106 of the American Competitiveness in the 21st Century Act, PL 106-313, 114 Stat. 1251, 2000 S. 2045; PL 106-311, 114 Stat. 1247 (Oct 17,

732218_2

2000)).  If, however, the case is not transferred to BALCA for review or remand on the record, Mr. Bera's eligibility for H-1B status (and the attendant authorization to work for Claritas on a temporary basis) will terminate as early as May 11, 2008.

52.    If no relief is granted in this case, Mr. Bera will also lose his immigrant visa priority date (i.e., his place in line for obtaining lawful permanent residence and the ability to work for Claritas on a permanent/indefinite basis.)  The current wait time for Indians in the 3rd preference employment-based category pursuant to the April 2008 visa bulletin issued by the U.S. Department of State is approximately seven and one half.  If the instant application for permanent labor certification is transferred to BALCA, Mr. Bera may be eligible to file for lawful permanent residence within the next two years.  If Claritas is forced to file a new application for permanent labor certification with the USDOL, he will likely have to wait fou ran done half years or longer to file an application for lawful permanent residence.

### AS AND FOR A FIRST CAUSE OF ACTION

### (Violation of Administrative Procedures Act, 5 U.S.C. § 706(2))

53.    Plaintiffs/Petitioners repeat and reallege each and every allegation set forth in paragraphs 1 through 52 of this Complaint as if set forth in full herein.

54.    Defendants'/Respondents' practices, policies, interpretations of law, conduct and failures to act in adjudicating the instant case were unlawful pursuant to the Administrative Procedures Act 5 U.S.C. § 706(2) because the USDOL's treatment of Claritas's Motion was:

(a) "arbitrary , capricious and an abuse of discretion or otherwise not in accordance with law," under 5 U.S.C. § 706(2)(A); and

12

(b) "without observance of procedures required by law," under 5. U.S.C. §

706(2)(D);

## AS AND FOR A SECOND CAUSE OF ACTION

### (Violation of Administrative Procedures Act, 5 U.S.C. § 706(1))

55.    Plaintiffs/Petitioners repeat and reallege each and every allegation set

forth in paragraphs 1 through 54 of this Complaint as if set forth in full herein.

56.    Defendants'/Respondents' adjudication of Claritas's Motion has been

"unlawfully held" and "unreasonably delayed" under 5 U.S.C. § 706(1).

## AS AND FOR A THIRD CAUSE OF ACTION

### (Violation of Administrative Procedures Act, 5 U.S.C. § 555(b))

57.    Plaintiffs/Petitioners repeat and reallege each and every allegation set

forth in paragraphs 1 through 56 of this Complaint as if set forth in full herein.

58.    Defendants'/Respondents' refusal to adjudicate Claritas's Motion has been

a failure to "proceed to conclude a matter presented it" with "due regard for the convenience and

necessity of the parties or their representatives and within a reasonable time," under 5 U.S.C. §

555(b).

## RELIEF SOUGHT

WHEREFORE, Plaintiffs/Petitioners respectfully request (i) an Order declaring

the USDOL's refusal to adjudicate Claritas's motion to reopen/reconsider and refusal to forward

the file to BALCA unlawful, (ii) that a writ of mandamus be issued ordering the USDOL to

transfer the file from the Certifying Officer to BALCA for review or remand on the record, and

(iii) for such further relief as this Court may deem just and proper.

Dated:  Arlington, Virginia
        May 2, 2008

NIXON & VANDERHYE, P.C.

By: _____

Robert A. Rowan Bar No. 391630

901 North Glebe Road, 11ᵗʰ Floor
Arlington, VA 22203
(703) 816-4000
Fax (703)-816-4100
E-mail rar@nixonvan.com
Attorneys for Plaintiffs/Petitioners


Of Counsel:

SATTERLEE STEPHENS BURKE & BURKE, LLP
By:    Michael H. Gibson
230 Park Avenue, Suite 1130
New York, New York 10169
(212) 818-9200

732218_2

# EXHIBIT A

OMB Approval No. 44-R1301

U.S. DEPARTMENT OF LABOR
Employment and Training Administration

APPLICATION
FOR
ALIEN EMPLOYMENT CERTIFICATION

IMPORTANT: READ CAREFULLY BEFORE COMPLETING THIS FORM.
PRINT legibly in ink or use a typewriter. If you need more space to answer questions in this form, use a separate sheet. Identify each answer with the number of the corresponding question. SIGN AND DATE each sheet in original signature.

To knowingly furnish any false information in the preparation of this form and any supplement thereto or to aid, abet, or counsel another to do so is a felony punishable by $10,000 fine or 5 years in the penitentiary, or both (18 U.S.C. 1001)

| PART A. OFFER OF EMPLOYMENT | |
|---|---|

**1. Name of Alien** (Family name in capital letter, First, Middle, Maiden)
BERA     ANUPAM

**2. Present Address of Alien** (Number, Street, City and Town, State ZIP code or Province, Country)
15825 AVENIDA VENUSTO        635
SAN DIEGO        CA        USA        92128

**3. Type of Visa** (If in U.S.)
H1B1

The following information is submitted as an offer of employment.

**4. Name of Employer** (Full name of Organization)
CLARITAS, INC

**5. Telephone**
858-622-0800

**6. Address** (Number, Street, City and Town, State ZIP code)
5375 MIRA SORRENTO PLACE
SAN DIEGO        CA        92121

**7. Address Where Alien Will Work** (if different from item 6)
SAME AS ITEM # 6

**8. Nature of Employer's Business Activity**
INFORMATION TECHNOLOGY

**9. Name of Job Title**
PROGRAMMER/ANALYST

**10. Total Hours Per Week**
a. Basic 40    b. Overtime

**11. Work Schedule** (Hourly)
9 a.m.
5 p.m.

**12. Rate of Pay**
a. Basic $ 75000 per YEAR
b. Overtime $ per hour

**13. Describe Fully the job to be Performed** (Duties)

PLAN, DEVELOP, TEST AND DOCUMENT COMPUTER PROGRAMS, PREPARE FLOW CHART ANALYSIS, DESIGN AND ADMINISTRATION OF DATABASES, MONITOR PERFORMANCE OF PROGRAMS, USER TRAINING, PERIODIC SYSTEM UPDATES.

**14. State in detail the MINIMUM education, training, and experience for a worker to perform satisfactorily the job duties described in item 13 above.**

**15. Other Special Requirements**

| | Grade School | High School | College | College Degree Required (specify) |
|---|---|---|---|---|
| EDU-CATION (Enter number of years) | | | 4 | BACHELOR'S DEGREE |
| | | | | Major Field of Study COMP./FINANCE/MATHS/SCIENCE |

| TRAIN-ING | No. Yrs. | No. Mos. | Type of Training |
|---|---|---|---|
| | | | |

| | Job Offered | Related Occupation | Related Occupation (specify) |
|---|---|---|---|
| EXPERI-ENCE | Number Yrs. 3  Mos. 0 | Yrs.  Mos. | |

**16. Occupational Title of Person Who Will Be Alien's Immediate Supervisor**
PRESIDENT

**17. Number of Employees Alien Will Supervise**
0

ENDORSEMENTS (Make no entry in section - for Government use only)

| Date Forms Received | |
|---|---|
| L.O. | S.O. |
| R.O. | N.O. |
| Ind. Code | Occ. Code |
| Occ. Title | |

Replaces MA 7-50A, B and C (Apr. 1970 edition) which is obsolete.

ETA 750 (Oct. 1979)

| 18. | | a. Number of Local | b. Name of Local | |
|---|---|---|---|---|
| a. No. of Openings To Be Filled By Aliens Under Job Offer | b. Exact Dates You Expect To Employ Alien | | | |
| | From | To | | |
| | | | c. City and State | |

20. STATEMENT FOR LIVE-AT-WORK JOB OFFERS  (Complete for Private Household ONLY)

| a. Description of Residence | | | | b. No. Persons residing at Place of Employment | | c. Will free board and private room not shared with anyone be provided? | ("X" one) |
|---|---|---|---|---|---|---|---|
| ("X" one) ☐ House ☐ Apartment | Number of Rooms | Adults | BOYS | Children | Ages | | ☐ YES   ☐ NO |
| | | | GIRLS | | | | |

21. DESCRIBE EFFORTS TO RECRUIT U.S. WORKERS AND THE RESULTS.  (Specify Sources of Recruitment by Name)

ADVERTISED IN THE NEWS PAPER - NO RESPONSE
NOTICE OF JOB OFFER - NO RESPONSE
ADVERTISED IN THE JOB SITE WWW.DICE.COM
ADVERTISED IN THE COMPANY SITE CLARITAS.COM

22. Applications require various types of documentation. Please read Part II of the instructions to assure that appropriate supporting documentation is included with your application.

### 23. EMPLOYER CERTIFICATIONS

By virtue of my signature below, I HEREBY CERTIFY the following conditions of employment.

a. I have enough funds available to pay the wage or salary offered the alien.

b. The wage offered equals or exceeds the prevailing wage and I guarantee that, if a labor certification is granted, the wage paid to the alien when the alien begins work will equal or exceed the prevailing wage which is applicable at the time the alien begins work.

c. The wage offered is not based on commissions, bonuses, or other incentives, unless I guarantee a wage paid on a weekly, bi-weekly, or monthly basis.

d. I will be able to place the alien on the payroll on or before the date of the alien's proposed entrance into the United States.

e. The job opportunity does not involve unlawful discrimination by race, creed, color, national origin, age, sex, religion, handicap, or citizenship.

f. The job opportunity is not:

    (1)  Vacant because the former occupant is on strike or is being locked out in the course of a labor dispute involving a work stoppage.

    (2)  At issue in a labor dispute involving a work stoppage.

g. The job opportunity's terms, conditions and occupational environment are not contrary to Federal, State or local law.

h. The job opportunity has been and is clearly open to any qualified U.S. worker.

### 24. DECLARATIONS

| DECLARATION OF EMPLOYER | Pursuant to 28 U.S.C. 1746, I declare under penalty of perjury the foregoing is true and correct. | | |
|---|---|---|---|
| SIGNATURE | | | DATE 7/8/02 |
| NAME (Type or Print)   OM   COMPOSIBNANIS | | TITLE   CFO | |

| AUTHORIZATION OF AGENT OF EMPLOYER | I HEREBY DESIGNATE the agent below to represent me for the purposes of labor certification and I TAKE FULL RESPONSIBILITY for accuracy of any representations made by my agent. | |
|---|---|---|
| SIGNATURE OF EMPLOYER | | DATE 7/8/02 |
| NAME OF AGENT (Type or Print)   EARL DAVID & ASSOCIATES | ADDRESS OF AGENT (Number, Street, City, State, ZIP code)   110 WALL STREET, 21ST FL. | |
| EARL DAVID & ASSOCIATES | NEW YORK        NY        10005 | |

FOR ADVICE CONCERNING REQUIREMENTS FOR ALIEN EMPLOYMENT CERTIFICATION: If alien is in the U.S., contact nearest office of
Immigration and Naturalization Service. If alien is outside U.S., contact nearest U.S. Consulate.

IMPORTANT: READ ATTACHED INSTRUCTIONS BEFORE COMPLETING THIS FORM.

Print legibly in ink or use a typewriter. If you need more space to fully answer any questions on this form, use a separate sheet. Identify
each answer with the number of the corresponding question. Sign and date each sheet.

| 1. Name of Alien (Family name in capital letters) | | First name | Middle name | Maiden name |
|---|---|---|---|---|
| BERA | | ANUPAM | | |

| 2. Present Address (No., Street, City or Town, State or Province and ZIP code) | | | Country | 3. Type of Visa (if in U.S.) |
|---|---|---|---|---|
| 15825 AVENIDA VENUSTO | | 635 | | H1B1 |
| SAN DIEGO | CA | USA | 92128 | |

| 4. Alien's Birthdate (Month, Day, Year) | 5. Birthplace (City or Town, State or Province) | | Country | 6. Present Nationality or Citizenship (Country) |
|---|---|---|---|---|
| 07/24/1967 | CALCUTTA | | INDIA | INDIAN |

| 7. Address in United States Where Alien Will Reside | |
|---|---|
| SAME AS ABOVE ITEM # 2 | |

| 8. Name and Address of Prospective Employer if Alien has job offer in U.S. | | 9. Occupation in which Alien is Seeking Work |
|---|---|---|
| CLARITAS, INC | | PROGRAMMER/ANALYST |
| 5375 MIRA SORRENTO PLACE | | |
| SAN DIEGO | CA 92121 | |

10. "X" the appropriate box below and furnish the information required for the box marked

| a. ☐ | Alien will apply for a visa abroad at the American Consulate in | City in Foreign Country | Foreign Country |
|---|---|---|---|
| b. ☒ | Alien is in the United States and will apply for adjustment of status to that of a lawful permanent resident in the office of the Immigration and Naturalization Service at | City SAN DIEGO, CA | State |

| 11. Names and Addresses of Schools, Colleges and Universities Attended (Include trade or vocational training facilities) | Field of Study | FROM | | TO | | Degrees or Certificates Received |
|---|---|---|---|---|---|---|
| | | Month | Year | Month | Year | |
| CALCUTTA UNIVERSITY CALCUTTA, BENGAL, INDIA | BACHELOR OF DEGREE | 06/1986 | | 04/1989 | | BACHELOR OF SCIENCE |
| CALCUTTA UNIVERSITY CALCUTTA, BENGAL, INDIA | MASTER OF SCIENCE | 06/1989 | | 04/1991 | | MASTER OF SCIENCE |
| | | | | | | |
| | | | | | | |
| | | | | | | |

SPECIAL QUALIFICATIONS AND SKILLS

12. Additional Qualifications and Skills Alien Possesses and Proficiency in the use of Tools, Machines or Equipment Which Would Help Establish if Alien Meets Requirements for Occupation in Item 9.

13. List Licenses (Professional, journeyman, etc.)

14. List Documents Attached Which are Submitted as Evidence that Alien Possesses the Education, Training, Experience, and Abilities Represented

| Endorsements | DATE REC. DOL |
|---|---|
| | O.T. & C. |
| (Make no entry in this section - FOR Government Agency USE ONLY) | |

(Items continued on next page)

| 15. WORK EXPERIENCE. | List all jobs held during the last three (3) years. Also, list any other jobs related to the occupation for which the alien is seeking certification as indicated in item 9. | | | |
|---|---|---|---|---|

**a. NAME AND ADDRESS OF EMPLOYER**

CLARITAS

5375 MIRA SORRENTO PLACE, SUITE: 400    SAN DIEGO, CA 92121

| NAME OF JOB | DATE STARTED Month    Year | DATE LEFT Month    Year | KIND OF BUSINESS |
|---|---|---|---|
| PROGRAMMER/ANALYST | 12/2000 | TILL DATE | INFORMATION TECHNOLOGY |

| DESCRIBE IN DETAIL THE DUTIES PERFORMED, INCLUDING THE USE OF TOOLS, MACHINES OR EQUIPMENT | NO. OF HOURS PER WEEK 40 |
|---|---|

PLAN, DEVELOP, TEST AND DOCUMENT COMPUTER PROGRAMS, PREPARE FLOW CHART ANALYSIS, DESIGN AND ADMINISTRATION OF DATABASES, MONITOR PERFORMANCE OF PROGRAMS, USER TRAINING, PERIODIC SYSTEM UPDATES.

**b. NAME AND ADDRESS OF EMPLOYER**

BIRLASOFT

2035 LINCOLN HIGHWAY    EDISON, NJ 08817

| NAME OF JOB | DATE STARTED Month    Year | DATE LEFT Month    Year | KIND OF BUSINESS |
|---|---|---|---|
| PROGRAMMER/ANALYST | 05/1999 | 11/2000 | COMPUTER CONSULTING & SOFTWARE DEVELOPMENT |

| DESCRIBE IN DETAIL THE DUTIES PERFORMED, INCLUDING THE USE OF TOOLS, MACHINES OR EQUIPMENT | NO. OF HOURS PER WEEK 40 |
|---|---|

PLAN, DEVELOP, TEST AND DOCUMENT COMPUTER PROGRAMS, PREPARE FLOW CHART ANALYSIS, DESIGN AND ADMINISTRATION OF DATABASES, MONITOR PERFORMANCE OF PROGRAMS, USER TRAINING, PERIODIC SYSTEM UPDATES.

**c. NAME AND ADDRESS OF EMPLOYER**

FOCUS SOFTWARE

111, NORTH BRIDGE ROAD #04-47 PENINSULA PLAZA    SINGAPORE 179098, REPUBLIC OF SINGAPORE

| NAME OF JOB | DATE STARTED Month    Year | DATE LEFT Month    Year | KIND OF BUSINESS |
|---|---|---|---|
| PROGRAMMER/ANALYST | 10/1997 | 03/1999 | SOFTWARE DEVELOPMENT |

| DESCRIBE IN DETAIL THE DUTIES PERFORMED, INCLUDING THE USE OF TOOLS, MACHINES OR EQUIPMENT | NO. OF HOURS PER WEEK 40 |
|---|---|

PLAN, DEVELOP, TEST AND DOCUMENT COMPUTER PROGRAMS, PREPARE FLOW CHART ANALYSIS, DESIGN AND ADMINISTRATION OF DATABASES, MONITOR PERFORMANCE OF PROGRAMS, USER TRAINING, PERIODIC SYSTEM UPDATES.

**16. DECLARATIONS**

| DECLARATION OF ALIEN | Pursuant to 28 U.S.C. 1746, I declare under penalty of perjury the foregoing is true and correct. | |
|---|---|---|

| SIGNATURE OF ALIEN | | DATE |
|---|---|---|
| ANUPAM    BERA | Anupam Bera | 07/08/2002 |

| AUTHORIZATION OF AGENT OF ALIEN | I hereby designate the agent below to represent me for the purposes of labor certification and I take full responsibility for accuracy of any representations made by my agent. |
|---|---|

| SIGNATURE OF ALIEN | | DATE |
|---|---|---|
| ANUPAM    BERA | Anupam Bera | 07/08/2002 |

| NAME OF AGENT    (Type or print) | ADDRESS OF AGENT | (No., Street, City, State, ZIP code) |
|---|---|---|
| EARL DAVID & ASSOCIATES | 110 WALL STREET, 21ST FL. | |
| EARL DAVID & ASSOCIATES | NEW YORK    NY    10005 | |

**15. WORK EXPERIENCE.** List all jobs held during the last three (3) years. Also, list any other jobs related to the occupation for which the alien is seeking certification as indicated in item 9.

**d. NAME AND ADDRESS OF EMPLOYER**

DDE ORG SYSTEMS LIMITED

SHANTI NIKETAN, SPEACE 1, 15TH FLOOR, 8 CAMAC STREET    CALCUTTA 700017, INDIA

| NAME OF JOB | DATE STARTED Month | Year | DATE LEFT Month | Year | KIND OF BUSINESS |
|---|---|---|---|---|---|
| PROGRAMMER/ANALYST | 10/1994 | | | 09/1997 | SOFTWARE DEVELOPMENT |

| DESCRIBE IN DETAIL THE DUTIES PERFORMED, INCLUDING THE USE OF TOOLS, MACHINES OR EQUIPMENT | NO. OF HOURS PER WEEK |
|---|---|
| | 48 |

PLAN, DEVELOP, TEST AND DOCUMENT COMPUTER PROGRAMS, PREPARE FLOW CHART ANALYSIS, DESIGN AND ADMINISTRATION OF DATABASES, MONITOR PERFORMANCE OF PROGRAMS, USER TRAINING, PERIODIC SYSTEM UPDATES.

**e. NAME AND ADDRESS OF EMPLOYER**

HCL HEWLETT PACKARD LIMITED

45 JHOWTALA ROAD    CALCUTTA 700 019, INDIA

| NAME OF JOB | DATE STARTED Month | Year | DATE LEFT Month | Year | KIND OF BUSINESS |
|---|---|---|---|---|---|
| PROGRAMMER/ANALYST | 01/1994 | | | 08/1994 | SOFTWARE DEVELOPMENT |

| DESCRIBE IN DETAIL THE DUTIES PERFORMED, INCLUDING THE USE OF TOOLS, MACHINES OR EQUIPMENT | NO. OF HOURS PER WEEK |
|---|---|
| | 48 |

PLAN, DEVELOP, TEST AND DOCUMENT COMPUTER PROGRAMS, PREPARE FLOW CHART ANALYSIS, DESIGN AND ADMINISTRATION OF DATABASES, MONITOR PERFORMANCE OF PROGRAMS, USER TRAINING, PERIODIC SYSTEM UPDATES.

**f. NAME AND ADDRESS OF EMPLOYER**

| NAME OF JOB | DATE STARTED Month | Year | DATE LEFT Month | Year | KIND OF BUSINESS |
|---|---|---|---|---|---|
| | | | | | |

| DESCRIBE IN DETAIL THE DUTIES PERFORMED, INCLUDING THE USE OF TOOLS, MACHINES OR EQUIPMENT | NO. OF HOURS PER WEEK |
|---|---|
| | |

**16. DECLARATIONS**

| DECLARATION OF ALIEN | Pursuant to 28 U.S.C. 1746, I declare under penalty of perjury the foregoing is true and correct. | |
|---|---|---|
| SIGNATURE OF ALIEN | | DATE |
| ANUPAM    BERA | *Anupam Bera* | 07/08/2002 |

| AUTHORIZATION OF AGENT OF ALIEN | I hereby designate the agent below to represent me for the purposes of labor certification and I take full responsibility for accuracy of any representations made by my agent. | |
|---|---|---|
| SIGNATURE OF ALIEN | | DATE |
| ANUPAM    BERA | *Anupam Bera* | 07/08/2002 |

| NAME OF AGENT    (Type or print) | ADDRESS OF AGENT    (No., Street, City, State, ZIP code) | | |
|---|---|---|---|
| EARL DAVID & ASSOCIATES | 110 WALL STREET, 21ST FL. | | |
| EARL DAVID & ASSOCIATES | NEW YORK | NY | 10005 |

# EXHIBIT B

Case Number: P-04322-06492

## DETAILS OF FINDING

This Notice of Findings is issued because the employment conditions described would adversely affect the wages and working conditions of U.S. workers similarly employed, and/or because you have failed to comply with Federal regulations governing the labor certification process for the permanent employment of aliens in the U.S. at Title 20 CFR 656.

### FINDING #1:

### Bona Fide Job Opportunity

This office is currently reviewing your Application for Alien Employment Certification. According to documentation in the file, Attorney Earl David has represented you in this matter. In March 2004, Mr. David was suspended from practicing law by the New York First Judicial District. In July 2004, the U.S. Department of Justice suspended Earl David from practicing before the Board of Immigration Appeals, the Immigration Courts, and the Department of Homeland Security. He has not been reinstated.

In accordance with 20 CFR 656.20(b)(4), no person under suspension or disbarment from practice before the United States Department of Justice's Board of Immigration Appeals, pursuant to 8 CFR 292.3, shall be permitted to act as an agent, representative, or attorney for an employer and/or alien seeking labor certification.

Additionally, due to this suspension, Earl David no longer meets the definition of "Attorney" as defined at 20 CFR 656.3. This section requires attorneys to be members in good standing with the bar of the highest court of any State, Possession, Territory, or Commonwealth of the United States, or the District of Columbia, and not under any order of any court or of the Board of Immigration appeals suspending, enjoining, restraining, disbarring, or otherwise restricting him or her in the practice of law.

As Earl David's suspension prohibits him from acting as your attorney in this matter, you must indicate to this office whether you wish to:

- o  withdraw the application;
- o  remove Earl David as your attorney and request continued processing without representation; or
- o  identify new representation and continue processing the application.

In addition, 20 CFR 656.20 (c)(8) requires employers to document that the job opportunity, as described on the ETA 750 A, is clearly open to any qualified U.S. worker. This regulation means that the job opportunity must be bona fide and that the job actually exists and is open to U.S. workers.

In view of the circumstances that lead to Earl David's suspension, we need further information to determine whether this application represents a bona fide job opportunity which is open to qualified U.S. workers. If you wish to continue this application, you must demonstrate that your application is for a legitimate job opportunity which is open to U.S. workers.

P-04322-06492

In rebuttal, the following information/documentation must be provided:

1. A signed statement from the owner of the business stating that the employer wishes to continue to pursue this application on behalf of the named alien.

2. A signed statement from the owner of the business stating that the employer authorized the filing of this Application for Alien Employment Certification on the date the Application was signed (See Item 24 on the ETA 750, Part A)

3. If the owner of the business is not the person who signed at Item 24, the owner must submit a statement that he/she authorized the individual named in Item 24 to submit the application on behalf of the business.

4. Signed copies of your business Federal Income Tax Returns for the last three (3) years. The employer must also provide the business tax identification number.

5. A complete staffing chart of the business must be provided. It must list each employee by job title/function, salary, and the daily/hourly work schedule at the location where the job offered will be performed. If applications have been submitted for multiple business locations, a staffing chart for each location must be provided.

6. Copies of the last four (4) quarterly reports that you filed with your state for unemployment insurance, along with your state unemployment insurance account number. These reports list wages by employee and total unemployment insurance contributions.

7. If the place of business is a restaurant, the employer must provide an original restaurant menu and document the size of the restaurant and its capacity for seating customers in-house.

8. A statement as to whether the owner, employer, or signatory of the ETA 750, Part A, received any payments from the alien, or a representative for the alien, in return for filing this application.

9. If you are represented by new counsel, please submit an updated G-28 form. **Please note that representation by new counsel does not cure the above finding.** You must still provide the information requested in Items 1-8 above.

A copy of the ETA7-50A and B forms have been returned in the event that any changes are necessary. The amended copies must be returned with your resubmission. Any amendments made to the ETA7-50A form must be initialed and dated by the employer and any amendments made to the ETA7-50B form must be initialed and dated by the alien, as appropriate.

It is the employer's responsibility to submit rebuttal evidence in a timely manner directly to the Certifying Officer.

# EXHIBIT C

SATTERLEE STEPHENS BURKE & BURKE LLP
230 PARK AVENUE
NEW YORK, NY 10169-0079
(212) 818-9200

METROPARK
33 WOOD AVENUE SOUTH
ISELIN, NJ 08830
(732) 603-4966

FAX (212) 818-9606, 9607
www.ssbb.com

April 20, 2007

**FEDERAL EXPRESS**
Ms. Barbara Shelly
Certifying Officer
Philadelphia Backlog Processing Center
One Belmont Avenue
Suite 220
Bala Cynwyd, Pennsylvania 19004

Re:   Application by Claritas Inc. on behalf of Anupam BERA;
      ETA Case Number P-04322-06492

Dear Ms. Shelly:

We were retained by Claritas Inc. last week in connection with this matter. For the reasons stated in the enclosed statement by Claritas Inc., we respectfully request that, because of the extraordinary circumstances described in that statement, you reopen that application, reverse your denial and adjudicate the application so that Claritas Inc. can continue with this application. Attached is a duly executed Form G-28, as well as the documentation requested in your notice of findings. As described the Human Resources Manager at Claritas Inc. (Rachel K. Ghadban) in her statement, attached, your most recent notice of findings (which apparently included Forms ETA-750) sent earlier this year to the attention of the Chief Financial Officer of Claritas Inc., Tom Compogiannis, never arrived by mail. Claritas Inc. only found out about it last week when, after your website indicated that the application had been denied (copy attached), Ms. Ghadban contacted you by telephone and you sent her a copy of the notice of findings by facsimile on Friday, April 13, 2007 (copy attached). To date, no written decision indicating the denial of the application has been received.

In response to your request, we attach the following:

1, 2 & 3:  Signed statements from a representative of The Nielsen Company (US), Inc., corporate parent of Claritas Inc., and from a representative of Claritas Inc., confirming that Claritas Inc. wishes to continue to pursue this application on behalf of Mr. Bera, stating that Claritas Inc. authorized the filing of this application on behalf of Mr. Bera on the date the application was signed and confirming that Mr. Compogiannis was authorized to submit the application on behalf of Claritas Inc.

4. Copies of the first page of Claritas Inc.'s corporate parent's 2003, 2004 and 2005 federal income returns, along with the affiliations schedules indicating its federal employer identification number (52-0909249) and confirming that Claritas Inc. is an

691162_1

SATTERLEE STEPHENS BURKE & BURKE LLP

indirectly wholly owned subsidiary of VNU Inc. In late 2006 VNU, Inc. changed its name to The Nielsen Company (US), Inc. Also attached for your reference are copies of the certificate of name change, pages from the Nielsen website about its rebranding, and copies of the VNU annual reports for 2003, 2004 and 2005 and The Nielsen Company's financial statements for 2006, as well as copies of the federal income tax returns for Claritas Inc. for the years 2003, 2004 and 2005.

5. A complete staffing chart for Claritas Inc.

6. Copies of the last four quarterly California state unemployment insurance reports (statement of deposits and filings) for Claritas Inc.

7. This is not applicable, as Claritas Inc. is not a restaurant.

8. Signed statements from Claritas Inc. and its corporate parent confirming that it would be against company policy for The Nielsen Company (US), Inc. as parent, Claritas Inc. as employer or any human resources manager as signatory to receive any payments from the employee, Anupam Bera, or a representative of the employee, in return for filing this application, and that no such payments were received.

9. As mentioned above, attached is a new Form G-28 identifying the undersigned as attorney of record.

As indicated above, Claritas Inc. only received word of your notice of findings last week and only obtained a copy of it from you by facsimile on Friday, April 13. It took immediate action to respond to the notice of action.

Based on the foregoing, we respectfully request that you reverse your denial, reopen this application and allow us to continue with this application. As the original notice of findings was never received, neither was the original Form ETA-750 that you state was enclosed with it. We would therefore appreciate it if you could send a duplicate Form ETA-750 if you deem any changes necessary. Please let me know if you have any questions.

Sincerely,

Ted J. Chiappari

cc:    Ms. Rachel K. Ghadban

# EXHIBIT D

**From:** H1B7YR [H1B7YR@PHI.DFLC.US]
**Sent:** Friday, May 11, 2007 11:40 AM
**To:** Ted J. Chiappari
**Subject:** Claritas Inc./Anupam BERA; P-04322-06492

## U.S. Department of Labor

Employment and Training Administration
GSB Building
1 Belmont Avenue, Suite 200
Bala Cynwyd, Pennsylvania 19004

May 11, 2007

DATE OF ACCEPTANCE FOR PROCESSING:
**09/11/2002**

Dear Requester:

This is in response to your inquiry regarding the pending Application for Alien Employment Certification. Your application on behalf of **ANUPAM BERA** was filed with the State Workforce Agency (local office) on **09/11/2002** . The application is waiting processing.

Current processing information can be obtained by visiting our website at ***http.pds.pbls.doleta.gov***.

Sincerely,

BARBARA SHELLY
Certifying Officer

 **ETA** Foreign Labor Certification
Philadelphia Backlog Elimination Center

*This is in response to your inquiry on your pending application for Foreign Labor Employment Certification.*

| Case Information | | | |
|---|---|---|---|
| ETA Case Number: | P-04322-06492 | Priority Date: | 09/11/2002 |
| Processing Type: | RIR | Case Source: | Region |
| Employer Name: | CLARITAS, INC. | Business Activity: | INFORMATION TECHNOLOGY |
| Occupation Title: | Computer Software Engineers, Applications | Occupation Code: | 15-1031 |
| Rate of Pay: | $ 75000 / Yearly | Prevailing Wage: | $ 73860.8 / Yearly |
| Alien Name: | ANUPAM BERA | Visa Type: | H-1B |
| Nationality or Citizenship: | INDIA | Data Entry Assigned To: | |
| LOPD: | 09/11/2002 | Processing Center: | Philadelphia Backlog Elimination Center |

# EXHIBIT E

# SATTERLEE STEPHENS BURKE & BURKE LLP
### 230 PARK AVENUE
### NEW YORK, NY 10169-0079
### (212) 818-9200

33 WOOD AVENUE S
ISELIN, NJ 08830-2735
(732) 603-4966
FAX (732) 603-4977

FAX (212) 818-9606/7
www.ssbb.com

**DATE:** June 4, 2007

| **TO:** | **COMPANY:** | **FAX #:** | **PHONE:** |
|---|---|---|---|
| Attn.: Inez | Philadelphia Backlog Elimination Center | 484-270-1615 | 484-270-1500 |

**FROM:** Ted J. Chiappari
**DIRECT DIAL:** (212) 404-8708

Re: Claritas Inc./Anupam BERA; P-04322-06492

I spoke with a colleague of yours this morning, who suggested I follow up by facsimile. We submitted a request in April 2007 to have this case reopened (copy of our cover letter attached). In May, in response to our request for some evidence that the appeal was being considered to support an H-1B extension, we received an email confirming that the application is waiting processing (copy attached). We were also told in May to follow up again in a month's time, which is what is prompting this inquiry. Please let us know the status of this request to reopen this matter and whether there is anything further I can do to facilitate the process.

If you do not receive 4 page(s), including this cover letter, please call Ted Chiappari at (212) 818-9200 Extension 8708.

| **Client Name:** Nielsen | **Client Number:** 103267 |
|---|---|
| **Matter Name:** Bera | **Matter Number:** 117 |

The information contained in this communication is intended to be confidential and for the use of only the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any retention, dissemination, distribution or copy of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone and return the original message to us at the address above via the U.S. Postal Service. Thank you.

695752_1

# EXHIBIT F

**Ted J. Chiappari**

From:               Ted J. Chiappari
Sent:               Thursday, July 19, 2007 8:15 AM
To:                 'info@phi.dflc.us'
Subject:            P-04322-06492 (Claritas Inc./Anupam BERA)

Dear Madam or Sir:

We submitted a request in April 2007 to have this case reopened, and followed up by facsimile on June 4, 2007. We were told by Inez this morning to submit an email as a follow-up inquiry. Please let us know the status of this request to reopen this matter and whether there is anything further I can do to facilitate the process.

Best regards,

Ted J. Chiappari
Satterlee Stephens Burke & Burke LLP
230 Park Avenue
New York, New York 10169
212-404-8708 (direct)
212-818-9200 (general)
212-818-9606 (facsimile)
tchiappari@ssbb.com


To ensure compliance with requirements imposed by the IRS, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

The information in this email and any attachment is strictly confidential and is intended solely for the person to whom it is addressed. If you receive this communication in error, please notify the sender immediately.

# EXHIBIT G

Ted J. Chiappari

**From:** Info [Info@PHI.DFLC.US]
**Sent:** Monday, July 23, 2007 9:56 AM
**To:** Ted J. Chiappari
**Subject:** RE: P-04322-06492 (Claritas Inc./Anupam BERA)

Dear Requestor:


Thank you for contacting the Philadelphia Backlog Elimination Center (BEC) regarding your case.

We have reviewed the information you provided and we need the following:


_X___At this time, we do not need anything further from you. Your case file is currently being pulled from our Records Management department and will be reviewed by an analyst. You will be notified in writing and/or email as to the outcome of your case.

In order to facilitate our response to future e-mails, please indicate, specifically, the nature of your inquiry on the subject line.



Sincerely,



Philadelphia Backlog Elimination Center
1 Belmont Avenue-Suite 200
Bala Cynwyd, PA 19004



---

**From:** Ted J. Chiappari [mailto:tchiappari@ssbb.com]
**Sent:** Thursday, July 19, 2007 8:15 AM
**To:** Info
**Subject:** P-04322-06492 (Claritas Inc./Anupam BERA)


Dear Madam or Sir:

We submitted a request in April 2007 to have this case reopened, and followed up by facsimile on June 4, 2007. We were told by Inez this morning to submit an email as a follow-up inquiry. Please let us know the status of this request to reopen this matter and whether there is anything further I can do to facilitate the process.

Best regards,

Ted J. Chiappari
Satterlee Stephens Burke & Burke LLP
230 Park Avenue
New York, New York 10169
212-404-8708 (direct)
212-818-9200 (general)
212-818-9606 (facsimile)
tchiappari@ssbb.com


8/1/2007

To ensure compliance with requirements imposed by the IRS, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

The information in this email and any attachment is strictly confidential and is intended solely for the person to whom it is addressed. If you receive this communication in error, please notify the sender immediately.

---

For Internal Use Only

---

This message (including any attachments) contains confidential information intended for a specific individual and purpose, and is protected by law. If you are not the intended recipient, you should delete this message and are hereby notified that any disclosure, copying, or distribution of this message, or the taking of any action based on it, is strictly prohibited.

8/1/2007

# EXHIBIT H

**From:**    Info [Info@PHI.DFLC.US]
**Sent:**    Friday, October 05, 2007 6:29 AM
**To:**    Ted J. Chiappari
**Subject:**    RE: P-04322-06492 (Claritas Inc./Anupam BERA); status of case in light of October 1 press release and BEC shutdown

Dear Requestor:

Thank you for contacting the Philadelphia Backlog Elimination Center (BEC) regarding your case.

We have reviewed the information you provided and we need the following:

__x___At this time, we do not need anything further from you and you will be hearing from us shortly as to the outcome of your request.

In order to facilitate our response to future e-mails, please indicate, specifically, the nature of your inquiry on the subject line.

Sincerely,

Philadelphia Backlog Elimination Center
1 Belmont Avenue-Suite 200
Bala Cynwyd, PA 19004

---

**From:** Ted J. Chiappari [mailto:tchiappari@ssbb.com]
**Sent:** Wednesday, October 03, 2007 10:09 AM
**To:** Info
**Subject:** RE: P-04322-06492 (Claritas Inc./Anupam BERA); status of case in light of October 1 press release and BEC shutdown

Dear Madam or Sir:

In light of your October 1 press release that the "program's backlog has been eliminated, with nearly 99 percent of cases completed and the remainder awaiting responses from employers," I am concerned about the status of this case, as it is neither completed nor awaiting a response from the employer. I understand from the press release that the Backlog Elimination Centers will remain operational during a transition and shutdown phase that will continue through December 2007, but I want to insure that this case is properly adjudicated before you shut down entirely.

I look forward to hearing from you soon regarding the status of this case.

Best regards,

11/12/2007

-----Original Message-----
**From:** Info [mailto:Info@PHI.DFLC.US]
**Sent:** Monday, July 23, 2007 9:56 AM
**To:** Ted J. Chiappari
**Subject:** RE: P-04322-06492 (Claritas Inc./Anupam BERA)

Dear Requestor:


Thank you for contacting the Philadelphia Backlog Elimination Center (BEC) regarding your case.

We have reviewed the information you provided and we need the following:


_X___At this time, we do not need anything further from you. Your case file is currently being pulled from our Records Management department and will be reviewed by an analyst. You will be notified in writing and/or email as to the outcome of your case.

In order to facilitate our response to future e-mails, please indicate, specifically, the nature of your inquiry on the subject line.



Sincerely,



Philadelphia Backlog Elimination Center
1 Belmont Avenue-Suite 200
Bala Cynwyd, PA 19004


---

**From:** Ted J. Chiappari [mailto:tchiappari@ssbb.com]
**Sent:** Thursday, July 19, 2007 8:15 AM
**To:** Info
**Subject:** P-04322-06492 (Claritas Inc./Anupam BERA)


Dear Madam or Sir:

We submitted a request in April 2007 to have this case reopened, and followed up by facsimile on June 4, 2007. We were told by Inez this morning to submit an email as a follow-up inquiry. Please let us know the status of this request to reopen this matter and whether there is anything further I can do to facilitate the process.

Best regards,

Ted J. Chiappari
Satterlee Stephens Burke & Burke LLP
230 Park Avenue
New York, New York 10169
212-404-8708 (direct)
212-818-9200 (general)
212-818-9606 (facsimile)
tchiappari@ssbb.com

To ensure compliance with requirements imposed by the IRS, we inform you that any tax advice contained in this

11/12/2007

communication (including any attachments) was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.

The information in this email and any attachment is strictly confidential and is intended solely for the person to whom it is addressed. If you receive this communication in error, please notify the sender immediately.

size=2 width="100%" align=center>

For Internal Use Only

This message (including any attachments) contains confidential information intended for a specific individual and purpose, and is protected by law. If you are not the intended recipient, you should delete this message and are hereby notified that any disclosure, copying, or distribution of this message, or the taking of any action based on it, is strictly prohibited.

11/12/2007

# EXHIBIT I

**From:** requestedinfo [requestedinfo@aila.org]
**Sent:** Monday, November 12, 2007 1:16 PM
**To:** Ted J. Chiappari
**Subject:** RE: P-04322-06492 (Claritas Inc./Anupam BERA); status of case in light of October 1 press release and BEC shutdown

Your DOL Problem case has been forwarded to a DOL Liaison Committee member

Luke Hall, Esq.
Liaison and Information Associate
American Immigration Lawyers Association

---

**From:** Ted J. Chiappari [mailto:tchiappari@ssbb.com]
**Sent:** Monday, November 12, 2007 12:56 PM
**To:** requestedinfo
**Subject:** FW: P-04322-06492 (Claritas Inc./Anupam BERA); status of case in light of October 1 press release and BEC shutdown

Dear Madam or Sir:

Any assistance you can provide with this case would be greatly appreciated.

Case number:    P-04322-06492
Employer name: Claritas Inc.
Employee name: Anupam BERA
Priority date:       09/11/2002
Brief summary of the problem:  We submitted a request in April 2007 to have this case reopened (we were not the original attorney of record), and have followed up repeatedly, only to be told that the backlog elimination center has all that it needs. (Please see attached.)  The DOL website however still shows that the case is denied.

Please let me know if you have questions or you need additional information.

Best regards,


Ted J. Chiappari
Satterlee Stephens Burke & Burke LLP
230 Park Avenue
New York, New York 10169
212-404-8708 (direct)
212-818-9200 (general)
212-818-9606 (facsimile)
tchiappari@ssbb.com

To ensure compliance with requirements imposed by the IRS, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

The information in this email and any attachment is strictly confidential and is intended solely for the person to whom it is addressed. If you receive this communication in error, please notify the sender immediately.

# EXHIBIT J

**From:**    Oliver C. Pusta
**Sent:**    Wednesday, March 12, 2008 10:14 AM
**To:**    Ted J. Chiappari
**Subject:**  FW: #8, RE: Claritas Inc./Anupam BERA; P-04322-06492


-----Original Message-----
**From:** BEC, Chicago - ETA [mailto:bec.chicago@dol.gov]
**Sent:** Wednesday, March 12, 2008 8:45 AM
**To:** Oliver C. Pusta
**Subject:** #8, RE: Claritas Inc./Anupam BERA; P-04322-06492



**U.S. Department of Labor**

**Employment and Training Administration**
**Chicago National Processing Center**
**844 N. Rush Street**
**12th Floor**
**Chicago, IL  60611**


Date:  March 12, 2008

Re:    Claritas, Inc.
       P-04322-06492

This office received your letter dated March 11, 2008 concerning the Application for Alien Employment Certification for Claritas, Inc. filed on behalf of Anupam BERA. The case was accepted for processing on September 11, 2002 and was denied on April 3, 2007 due to an untimely or incomplete response to a Notice of Findings. The Notice of Findings was addressed to the employer's attorney of record, Earl David, Esq., at 110 Wall Street, 21st Floor, New York, NY 10005 (a courtesy copy was sent to the employer, Tom Compogiannis, at 5375 Mira Sorrento Place, San Diego, CA 92121).

Denial was pursuant to the 35-day rule applied to the Notice of Findings dated February 6, 2007 with a rebuttal response due March 13, 2007 which was not filed timely. Failure to file a timely rebuttal shall mean that you have declined to exhaust administrative remedies available to you.

All findings in the Notice of Findings shall be deemed admitted unless they are rebutted. Since the rebuttal was not mailed on or before the response due date, the Notice of Findings automatically became the final decision of the Secretary denying labor certification.

No further action will be taken on this inquiry.

Sincerely,


3/19/2008

**From:** Oliver C. Pusta
**Sent:** Wednesday, March 12, 2008 10:14 AM
**To:** Ted J. Chiappari
**Subject:** FW: #8, RE: Claritas Inc./Anupam BERA; P-04322-06492

-----Original Message-----
**From:** BEC, Chicago - ETA [mailto:bec.chicago@dol.gov]
**Sent:** Wednesday, March 12, 2008 8:45 AM
**To:** Oliver C. Pusta
**Subject:** #8, RE: Claritas Inc./Anupam BERA; P-04322-06492



**U.S. Department of Labor**

**Employment and Training Administration**
**Chicago National Processing Center**
**844 N. Rush Street**
**12th Floor**
**Chicago, IL 60611**

Date: March 12, 2008

Re:    Claritas, Inc.
       P-04322-06492

This office received your letter dated March 11, 2008 concerning the Application for Alien Employment Certification for Claritas, Inc. filed on behalf of Anupam BERA. The case was accepted for processing on September 11, 2002 and was denied on April 3, 2007 due to an untimely or incomplete response to a Notice of Findings. The Notice of Findings was addressed to the employer's attorney of record, Earl David, Esq., at 110 Wall Street, 21st Floor, New York, NY 10005 (a courtesy copy was sent to the employer, Tom Compogiannis, at 5375 Mira Sorrento Place, San Diego, CA 92121).

Denial was pursuant to the 35-day rule applied to the Notice of Findings dated February 6, 2007 with a rebuttal response due March 13, 2007 which was not filed timely. Failure to file a timely rebuttal shall mean that you have declined to exhaust administrative remedies available to you.

All findings in the Notice of Findings shall be deemed admitted unless they are rebutted. Since the rebuttal was not mailed on or before the response due date, the Notice of Findings automatically became the final decision of the Secretary denying labor certification.

No further action will be taken on this inquiry.

Sincerely,

3/19/2008

# EXHIBIT K

r C. Pusta

**From:** Ted J. Chiappari
**Sent:** Wednesday, March 12, 2008 3:32 PM
**To:** 'bec.chicago@dol.gov'
**Cc:** Oliver C. Pusta
**Subject:** RE: #8, RE: Claritas Inc./Anupam BERA; P-04322-06492; REQUEST FOR CONSIDERATION OF MOTION TO REOPEN FILED APRIL 20, 2007

Dear Madam or Sir:

Thank you for your response. **You do not, however, address our April 20, 2007, motion to reopen, and the issues raised in that motion. Nor do you address the fact that the Department of Labor indicated to us on <u>May 11, 2007,</u> over a month after the application was denied, that "The application is waiting processing." Accordingly, we respectfully request your consideration of our motion to reopen and, in the interim for purposes of extending the beneficiary's H-1B status, an indication that the application is still waiting processing.**

You indicate below (correctly) that this case was denied due to an untimely or incomplete response to a Notice of Findings. (We had no knowledge that the actual date of the denial was on April 3, 2007, as neither the employer nor we as counsel ever received a written decision indicating the denial of the application.)  However, on April 20, 2007, we had sent a response to Barbara Shelly (Certifying Officer, Philadelphia Backlog Processing Center), stating that we were retained as counsel by Claritas Inc. in April 2007 in connection with this matter. In our letter to Ms. Shelly, we had requested that, because of the extraordinary circumstances in this case, you reopen that application, reverse your denial and adjudicate the application so that Claritas Inc. can continue with this application. We also at that time attached a duly executed Form G-28, as well as the documentation requested in your notice of findings.

As described by the Human Resources Manager at Claritas Inc. (Rachel K. Ghadban) in her statement, which was attached to our response of April 20, 2007, your Notice of Findings sent earlier in 2007 to the attention of the Chief Financial Officer of Claritas Inc., Tom Compogiannis, **never arrived by mail**. Claritas Inc. had only found out about this it during the week of April 9, 2007, after the Public Disclosure System was checked. Ms. Ghadban immediately contacted the certifying officer by telephone upon learning from the DOL website that the case had been denied, and the **BEC sent her a copy of the Notice of Findings by facsimile on Friday, April 13, 2007** (after the March 13, 2007 deadline and also after the ostensible denial date of April 3, 2007).

After being retained as new counsel, we requested on April 20, 2007, that the case be reopened due to the non-receipt of the Notice of Findings. We have been diligently following up ever since and have never received a response to our motion to reopen.

Given these circumstances, we respectfully request that you reopen and adjudicate this case as soon as possible. In the interim, please provide us with confirmation of the case having been reopened as soon as possible, as we must respond to a request for evidence with respect to Claritas's pending H-1B petition extension on behalf of Mr. Bera with a response deadline of May 28, 2008.

If you need copies of our motion to reopen or our follow-up correspondence, we would be happy to provide that or any other information or documentation you may need to render a decision.

Best regards,

Ted J. Chiappari
Satterlee Stephens Burke & Burke LLP
230 Park Avenue
New York, New York 10169
212-404-8708 (direct)
212-818-9200 (general)
212-818-9606 (facsimile)
tchiappari@ssbb.com

To ensure compliance with requirements imposed by the IRS, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, for the purpose

3/12/2008

# EXHIBIT L

From:    Ross-Tucker, Joann - ETA CTR [ross-tucker.joann@dol.gov]
Sent:    Monday, March 24, 2008 3:21 PM
To:      BEC, Chicago - ETA; Ted J. Chiappari
Subject: RE: #8, RE: Claritas Inc./Anupam BERA; P-04322-06492; REQUEST FOR CONSIDERATION OF MOTION TO REOPEN FILED APRIL 20, 2007 ( correction # 21)

# Correction : # 21

Denial was pursuant to the 35-day rule applied to the Notice of Findings dated February 6, 2007 with a rebuttal respons due March 13, 2007 which was not filed timely. Failure to file a timely rebuttal shall mean that you have declined to exhaust administrative remedies available to you.

All findings in the Notice of Findings shall be deemed admitted unless they are rebutted. Since the rebuttal was not mailed on or before the response due date, the Notice of Findings automatically became the final decision of the Secretary denying labor certification.

Please be advised that after a case is closed or denied , there are no appeal rights and it will not be re-opened.

No further action will be taken on this case inquiry.

Sincerely,

BEC Chicago

---

From: BEC, Chicago - ETA
Sent: Monday, March 24, 2008 2:19 PM
To: 'Ted J. Chiappari'
Subject: RE: #8, RE: Claritas Inc./Anupam BERA; P-04322-06492; REQUEST FOR CONSIDERATION OF MOTION TO REOPEN FILED APRIL 20, 2007

Denial was pursuant to the 35-day rule applied to the Notice of Findings dated February 6, 2007 with a rebuttal response due March 13, 2007 which was not filed timely. Failure to file a timely rebuttal shall mean that you have declined to exhaust administrative remedies available to you.

All findings in the Notice of Findings shall be deemed admitted unless they are rebutted. Since the rebuttal was not mailed on or before the response due date, the Notice of Findings automatically became the final decision of the Secretary denying labor certification.

Please be advised that after a case is clsoed or denied , there are no appeal rights and it will not be re-opened.

No further action will be taken on this case inquiry.

Sincerely,

3/24/2008

**From:** Ted J. Chiappari [mailto:tchiappari@ssbb.com]
**Sent:** Wednesday, March 12, 2008 2:32 PM
**To:** BEC, Chicago - ETA
**Cc:** Oliver C. Pusta
**Subject:** RE: #8, RE: Claritas Inc./Anupam BERA; P-04322-06492; REQUEST FOR CONSIDERATION OF MOTION TO REOPEN
FILED APRIL 20, 2007

Dear Madam or Sir:

Thank you for your response. **You do not, however, address our April 20, 2007, motion to reopen, and the issues raised**
**that motion. Nor do you address the fact that the Department of Labor indicated to us on May 11, 2007, over a month**
**after the application was denied, that "The application is waiting processing." Accordingly, we respectfully request yo**
**consideration of our motion to reopen and, in the interim for purposes of extending the beneficiary's H-1B status, an**
**indication that the application is still waiting processing.**

You indicate below (correctly) that this case was denied due to an untimely or incomplete response to a Notice of Findings. (We
had no knowledge that the actual date of the denial was on April 3, 2007, as neither the employer nor we as counsel ever
received a written decision indicating the denial of the application.) However, on April 20, 2007, we had sent a response to
Barbara Shelly (Certifying Officer, Philadelphia Backlog Processing Center), stating that we were retained as counsel by Clarita
Inc. in April 2007 in connection with this matter. In our letter to Ms. Shelly, we had requested that, because of the extraordinary
circumstances in this case, you reopen that application, reverse your denial and adjudicate the application so that Claritas Inc. c
continue with this application. We also at that time attached a duly executed Form G-28, as well as the documentation requeste
in your notice of findings.

As described by the Human Resources Manager at Claritas Inc. (Rachel K. Ghadban) in her statement, which was attached to o
response of April 20, 2007, your Notice of Findings sent earlier in 2007 to the attention of the Chief Financial Officer of Claritas
Inc., Tom Compogiannis, **never arrived by mail**. Claritas Inc. had only found out about this it during the week of April 9, 2007,
after the Public Disclosure System was checked. Ms. Ghadban immediately contacted the certifying officer by telephone upon
learning from the DOL website that the case had been denied, and the **BEC sent her a copy of the Notice of Findings by**
**facsimile on Friday, April 13, 2007** (after the March 13, 2007 deadline and also after the ostensible denial date of April 3, 2007

After being retained as new counsel, we requested on April 20, 2007, that the case be reopened due to the non-receipt of the
Notice of Findings. We have been diligently following up ever since and have never received a response to our motion to reopen

Given these circumstances, we respectfully request that you reopen and adjudicate this case as soon as possible. In the interim,
please provide us with confirmation of the case having been reopened as soon as possible, as we must respond to a request for
evidence with respect to Claritas's pending H-1B petition extension on behalf of Mr. Bera with a response deadline of May 28,
2008.

If you need copies of our motion to reopen or our follow-up correspondence, we would be happy to provide that or any other
information or documentation you may need to render a decision.

Best regards,

Ted J. Chiappari
Satterlee Stephens Burke & Burke LLP
230 Park Avenue
New York, New York 10169
212-404-8708 (direct)
212-818-9200 (general)
212-818-9606 (facsimile)
tchiappari@ssbb.com

To ensure compliance with requirements imposed by the IRS, we inform you that any tax advice contained in this communication
(including any attachments) was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties
under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter
addressed herein.

3/24/2008

addressed. If you receive this communica[...]n in error, please notify the sender immedi[...]ly.

-----Original Message-----
**From:** BEC, Chicago - ETA [mailto:bec.chicago@dol.gov]
**Sent:** Wednesday, March 12, 2008 8:45 AM
**To:** Oliver C. Pusta
**Subject:** #8, RE: Claritas Inc./Anupam BERA; P-04322-06492



**U.S. Department of Labor**

**Employment and Training Administration**
**Chicago National Processing Center**
**844 N. Rush Street**
**12th Floor**
**Chicago, IL  60611**

Date:   March 12, 2008

Re:     Claritas, Inc.
        P-04322-06492

This office received your letter dated March 11, 2008 concerning the Application for Alien Employment Certification for Claritas, Inc. filed on behalf of Anupam BERA. The case was accepted for processing on September 11, 2002 and was denied on April 3, 2007 due to an untimely or incomplete response to a Notice of Findings. The Notice of Finding was addressed to the employer's attorney of record, Earl David, Esq., at 110 Wall Street, 21st Floor, New York, NY 10005 (a courtesy copy was sent to the employer, Tom Compogiannis, at 5375 Mira Sorrento Place, San Diego, CA 92121).

Denial was pursuant to the 35-day rule applied to the Notice of Findings dated February 6, 2007 with a rebuttal response due March 13, 2007 which was not filed timely. Failure to file a timely rebuttal shall mean that you have declined to exhaust administrative remedies available to you.

All findings in the Notice of Findings shall be deemed admitted unless they are rebutted. Since the rebuttal was not mailed on or before the response due date, the Notice of Findings automatically became the final decision of the Secretary denying labor certification.

No further action will be taken on this inquiry.

Sincerely,


BEC Chicago


3/24/2008

**Sent:** Tuesday, March 11, 2008 2:20 PM
**To:** BEC, Chicago - ETA   Case 1:08-cv-00774-EGS   Document 1   Filed 05/05/2008   Page 51 of 53
**Cc:** H1B7YR@PHI.DFLC.US; Ted J. Chiappari; Susanne C. Heubel
**Subject:** RE: backlog; FW: Claritas Inc./Anupam BERA; P-04322-06492; USCIS due date of May 28, 2008

Dear Sir/Madam:

I work with Ted Chiappari, the attorney of record in this case.
Below, please find our request and your response with respect to Anupam Bera's application for alien employment certification, which was filed over 365 days ago. As we must respond to the USCIS **no later than May 28, 2008**, we kindly ask that you confirm, as you did last year (see below), that the application on behalf of Anupam was filed with the State Workforce Agency (local office) on 09/11/2002 and that the application is waiting processing.

Thank you.

-----Original Message-----
**From:** BEC, Chicago - ETA [mailto:bec.chicago@dol.gov]
**Sent:** Wednesday, March 05, 2008 3:46 PM
**To:** Ted J. Chiappari
**Subject:** RE: backlog; FW: Claritas Inc./Anupam BERA; P-04322-06492; USCIS due date of May 28, 2008



**U.S. Department of Labor**          **Employment and Training Administration**
                                       **Chicago National Processing Center**
                                       **844 N. Rush Street**
                                       **12th Floor**
                                       **Chicago, IL  60611**

March 5, 2008

Please accept this letter as acknowledgement that we have received your inquiry, and that official notification will be forthcoming.

If you wish to check the status of the case, and the case number begins with D or P, you can check the status at

http://pds.pbls.doleta.gov

Please do not respond to this message. This is a system generated e-mail.

Sincerely,

BEC Chicago

---

**From:** Ted J. Chiappari [mailto:tchiappari@ssbb.com]
**Sent:** Wednesday, March 05, 2008 11:47 AM
**To:** BEC, Chicago - ETA
**Subject:** backlog; FW: Claritas Inc./Anupam BERA; P-04322-06492; USCIS due date of May 28, 2008
**Importance:** High

Dear Madam or Sir:

As indicated in the attached emails, we have been following up for months asking for confirmation that this application was filed over 365 days ago.  We must respond to the USCIS **no later than May 28, 2008**.  Please confirm, as you did last year (see below), that the application on behalf of Anupam was filed with the State Workforce Agency (local office) on

The per~~Case information provided in the document~~ below

Thank you.


Ted J. Chiappari
Satterlee Stephens Burke & Burke LLP
230 Park Avenue
New York, New York 10169
212-404-8708 (direct)
212-818-9200 (general)
212-818-9606 (facsimile)
tchiappari@ssbb.com


To ensure compliance with requirements imposed by the IRS, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

The information in this email and any attachment is strictly confidential and is intended solely for the person to whom it is addressed. If you receive this communication in error, please notify the sender immediately.


-----Original Message-----
**From:** H1B7YR [mailto:H1B7YR@PHI.DFLC.US]
**Sent:** Friday, May 11, 2007 11:40 AM
**To:** Ted J. Chiappari
**Subject:** Claritas Inc./Anupam BERA; P-04322-06492

# U.S. Department of Labor

Employment and Training Administration

GSB Building

1 Belmont Avenue, Suite 200

Bala Cynwyd, Pennsylvania 19004


May 11, 2007


DATE OF ACCEPTANCE FOR PROCESSING:

**09/11/2002**


Dear Requester:


This is in response to your inquiry regarding the pending Application for Alien Employment Certification. Your application on behalf of **ANUPAM BERA** was filed with the State Workforce Agency (local office) on

Current processing information can be obtained by visiting our website at *http.pds.pbls.doleta.gov.*

Sincerely,

BARBARA SHELLY

Certifying Officer

*This is in response to your inquiry on your pending application for Foreign Labor Employment Certification.*

| Case Information | | | |
|---|---|---|---|
| ETA Case Number: | P-04322-06492 | Priority Date: | 09/11/2002 |
| Processing Type: | RIR | Case Source: | Region |
| Employer Name: | CLARITAS, INC. | Business Activity: | INFORMATION TECHNOL |
| Occupation Title: | Computer Software Engineers, Applications | Occupation Code: | 15-1031 |
| Rate of Pay: | $ 75000 / Yearly | Prevailing Wage: | $ 73860.8 / Yearly |
| Alien Name: | ANUPAM BERA | Visa Type: | H-1B |
| Nationality or Citizenship: | INDIA | Data Entry Assigned To: | |
| LOPD: | 09/11/2002 | Processing Center: | Philadelphia Backlog Elimination Center |

For Internal Use Only

This message (including any attachments) contains confidential information intended for a specific individual and purpose, and is protected by law. If you are not the intended recipient, you should delete this message and are hereby notified that any disclosure, copying, or distribution of this message, or the taking of any action based on it, is strictly prohibited.

3/24/2008

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

## I (a) PLAINTIFFS

CLARITAS INC. and ANUPAM BERA

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)

88888

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Robert A. Rowan, Esq.
Nixon & Vanderhye, PC
901 North Glebe Road, 11th Floor
Arlington, VA 22203
(703) 816-4000
and
Michael H. Gibson, Esq.
Satterlee Stephens Burke & Burke, LLP
230 Park Avenue, Suite 1130
New York, NY 10169
(212) 818-9200

## DEFENDANTS

ELAINE L. CHAO, DOUGLAS F. SMALL, BRENT R. ORRELL, DR. WILLIAM
CARLSON, BARBARA SHELLY, MELANIE SHAY, in their official capacities
at USDOL, and MICHAEL B. MUKASEY, in his official capacity at USDOJ

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF

Case: 1:08-cv-00774
Assigned To : Sullivan, Emmet G.
Assign. Date : 5/5/2008
Description: Admn. Agency Review

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ○ 3 Federal Question (U.S. Government Not a Party)
- ⊙ 2 U.S. Government Defendant
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

- ○ **A. Antitrust**
  - ☐ 410 Antitrust

- ○ **B. Personal Injury/ Malpractice**
  - ☐ 310 Airplane
  - ☐ 315 Airplane Product Liability
  - ☐ 320 Assault, Libel & Slander
  - ☐ 330 Federal Employers Liability
  - ☐ 340 Marine
  - ☐ 345 Marine Product Liability
  - ☐ 350 Motor Vehicle
  - ☐ 355 Motor Vehicle Product Liability
  - ☐ 360 Other Personal Injury
  - ☐ 362 Medical Malpractice
  - ☐ 365 Product Liability
  - ☐ 368 Asbestos Product Liability

- ⊗ **C. Administrative Agency Review**
  - ☐ 151 Medicare Act

  Social Security:
  - ☐ 861 HIA ((1395ff)
  - ☐ 862 Black Lung (923)
  - ☐ 863 DIWC/DIWW (405(g)
  - ☐ 864 SSID Title XVI
  - ☐ 865 RSI (405(g))

  Other Statutes
  - ☐ 891 Agricultural Acts
  - ☐ 892 Economic Stabilization Act
  - ☐ 893 Environmental Matters
  - ☐ 894 Energy Allocation Act
  - ☒ 890 Other Statutory Actions (If Administrative Agency is Involved)

- ○ **D. Temporary Restraining Order/Preliminary Injunction**

  Any nature of suit from any category may be selected for this category of case assignment.

  *(If Antitrust, then A governs)*

*Place IN File (handwritten)*

## ○ E. General Civil (Other)        OR        ○ F. Pro Se General Civil

*Civil Cover Sheet Not Scanned clearly (handwritten)*

Real Property
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

Personal Property
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

Bankruptcy
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

Property Rights
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

Federal Tax Suits
- ☐ 870 Taxes (US plaintiff or defendant
- ☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
- ☐ 610 Agriculture
- ☐ 620 Other Food &Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

Other Statutes
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. Habeas Corpus/ 2255 | ○ H. Employment Discrimination | ○ I. FOIA/PRIVACY ACT | ○ J. Student Loan |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General ☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation) *(If pro se, select this deck)* | ☐ 895 Freedom of Information Act ☐ 890 Other Statutory Actions (if Privacy Act) *(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. Labor/ERISA (non-employment) | ○ L. Other Civil Rights (non-employment) | ○ M. Contract | ○ N. Three-Judge Court |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act ☐ 720 Labor/Mgmt. Relations ☐ 730 Labor/Mgmt. Reporting & Disclosure Act ☐ 740 Labor Railway Act ☐ 790 Other Labor Litigation ☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act) ☐ 443 Housing/Accommodations ☐ 444 Welfare ☐ 440 Other Civil Rights ☐ 445 Americans w/Disabilities-Employment ☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance ☐ 120 Marine ☐ 130 Miller Act ☐ 140 Negotiable Instrument ☐ 150 Recovery of Overpayment & Enforcement of Judgment ☐ 153 Recovery of Overpayment of Veteran's Benefits ☐ 160 Stockholder's Suits ☐ 190 Other Contracts ☐ 195 Contract Product Liability ☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

◉ 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

28 USC § 1361 for a declaration that USDOL's refusal to adjudicate Plaintiff's motion is unlawful and for a writ of mandamus ordering transfer of file

**VII. REQUESTED IN COMPLAINT**    ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    **DEMAND $** _____    Check YES only if demanded in compla

**JURY DEMAND:**    YES ☐    NO ☐

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    YES ☐    NO ☐    If yes, please complete related case form.

DATE  May 5, 2008    SIGNATURE OF ATTORNEY OF RECORD  _[signature]_

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.